UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| SHANITRA GRIMES AND<br>LILLIE GRIMES | CIVIL ACTION |
| VERSUS | NO. 13-617-SDD-RLB |
| KATHERINE HAAR, et al. | |

## ORDER

Before the Court is Defendants' Motion to Reopen Discovery filed on December 30, 2014. (R. Doc. 33). Plaintiffs have filed an Opposition. (R. Doc. 38). Defendants have filed a Reply. (R. Doc. 42). For the following reasons, Defendants' Motion is **GRANTED IN PART** and **DENIED IN PART**.

I.    BACKGROUND

This action concerns an automobile accident that occurred on May 19, 2012 in which both drivers were operating a rental vehicle. Plaintiffs filed suit in state court on August 17, 2013. (R. Doc. 1-3). Plaintiffs allege that their rental vehicle, which was being driven by plaintiff Shanitra Grimes, was violently struck from behind by defendant Katherine Haar, a foreign national who was driving a vehicle rented from defendant EAN Holdings, LLC ("EAN") and insured by defendant ACE American Insurance Company ("ACE"). (R. Doc. 1-3 at 1). Plaintiffs seek to recover damages for various alleged personal injuries, including injuries to their necks and heads. (R. Doc. 1-3 at 4).

On September 18, 2013, defendants EAN and ACE removed this action alleging diversity jurisdiction. (R. Doc. 1). On December 24, 2013 removing defendants filed an Amended Petition for Removal to further describe the citizenship of the defendants. (R. Doc. 9). On

January 23, 2014, the Court set the deadline to complete fact discovery on August 29, 2014. (R. Doc. 13). On January 16, 2015, upon motion by the Plaintiffs, the district judge dismissed EAN from this action. (R. Doc. 39). Trial is set to begin on June 8, 2015. (R. Doc. 14).

Defendants took the deposition of plaintiff Shanitra Grimes on July 8, 2014. (R. Doc. 33-2). Defendants represent that this deposition was the first time they learned that "Ms. Grimes underwent an anterior cervical discectomy with fusion on March 27, 2014, performed by Dr. Kelly Scrantz." (R. Doc. 33 at 2). Defendants further represent that because Ms. Grimes did not provide advance notice of the surgery, did not provide an opportunity to conduct an independent medical examination, and did not produce Dr. Scrantz's records or operative report prior to the deposition, counsel for the parties agreed to "hold open" the plaintiff's deposition until the defendants received complete records. (R. Doc. 33 at 2; R. Doc. 33-2 at 6). In response, Plaintiffs represent that HIPPA authorizations for documents from Dr. Scrantz and her medical facility, the Neuromedical Center, were provided in August of 2013, one year prior to Ms. Grimes' deposition. (R. Doc. 38 at 3 n. 2).

Nearly a year before her deposition, Defendants requested information regarding Ms. Grimes' previous accidents:

> State whether or not you have had any accidents or injuries (of any kind) at any time before or after the subject accident, and, if so, give the dates of the accident, the length of time absent from employment or school on account thereof, the nature of injury, all healthcare providers by whom you were examined or treated on account thereof, and the court and docket number of any suit which was instituted on account of thereof. If suit was not filed but a claim was made, state against whom the claim was made (name, address and telephone number and the claim number).

(R. Doc. 33-5 at 10). In response, Ms. Grimes identified accidents she was involved in that occurred on March 1, 2008 (personal injury); March 20, 2008 (automobile accident); January 10, 2010 (automobile accident); and August 29, 2010 (automobile accident). (R. Doc. 33-5 at 10-

2

11). At the deposition, defense counsel questioned Ms. Grimes about her prior automobile accidents. Ms. Grimes testified that an accident that occurred on August 29, 2010 was her "last accident" before the May 19, 2012 accident at issue in this case. (R. Doc. 42 at 3; R. Doc. 33-2 at 7). Ms. Grimes further testified, however, that she had been in another rear-end accident in her own vehicle, but could not remember when the accident occurred because she did not get injured and it "was just a little bump." (R. Doc. 33-1 at 3-4; R. Doc. 33-2 at 13-16).[1] It is now undisputed that the accident described by Ms. Grimes as a "little bump" in her deposition took place on January 2, 2012 and was not mentioned in her responses to written discovery prior to her deposition. (R. Doc. 33-1 at 4).

Defendants propounded additional requests for production in August of 2014. On September 11, 2014, Plaintiffs produced 1300 pages of documents in response to these requests for production. Defendants represent that after reviewing these documents, they first became aware that Ms. Grimes had been involved in an automobile accident on January 2, 2012. (R. Doc. 33 at 2). The production included interrogatory responses from litigation involving Ms. Grimes' August 29, 2010 accident in which Ms. Grimes stated that she received neck and head injuries from the January 2, 2012 accident. (R. Doc. 33-1 at 5; R. Doc. 33-4 at 3). Defendants represent that they obtained a report on November 25, 2014 from a private investigator who looked into the accident. (R. Doc. 42 at 2). Defendants state that they have just obtained enough to issue third-party subpoenas to the insurers involved in the accident "to obtain property damage estimates, photographs, copies of statements of the parties involved in that accident, and to obtain copies of any claims presented by Ms. Grimes relative to that accident." (R. Doc. 33-1 at 8-9).

---

[1] To the extent Defendants suggest that the instant accident involved a "little bump," Plaintiffs note that they have never characterized this accident as a "little bump" and plaintiff Lillie Grimes described the accident as a loud "boom" and "violent collision" in her deposition. (R. Doc. 38 at 2).

3

Defendants request that discovery be reopened for a period of at least 90 days for the completion of the deposition of Ms. Grimes and to conduct additional third-party discovery regarding Ms. Grimes' previous accident, including potentially taking an additional deposition of Dr. Scrantz. (R. Doc. 33 at 2-3). Defendants represent that they will not be in a position to determine whether an additional deposition of Dr. Scrantz is warranted until they have been able to review responses to their subpoenas. (R. Doc. 33-1 at 8). Defendants also wish to have discovery reopened for the possibility of reissuing an unanswered third-party subpoena to Avis Rent a Car System, Inc. ("Avis"), the rental company owning the vehicle operated by Ms. Grimes in the underlying accident for this case. (R. Doc. 33-1 at 9; R. Doc. 42 at 4). Finally, Defendants also appear to want to reopen discovery to "conduct additional discovery regarding other accidents and injuries" of Ms. Grimes. (R. Doc. 33-1 at 9).

Plaintiffs state that their counsel do not object to additional discovery "as to the plaintiff Shanitra Grimes and Dr. Scrantz" as a matter of professional courtesy (R. Doc. 38 at 1). Plaintiffs argue, however, that Defendants have not established good cause for granting their motion.

Plaintiffs claim that Ms. Grimes testified truthfully in her deposition with regard to the January 2012 accident, stating that she did not recall when it occurred and that she did not seek medical attention after the accident. Plaintiffs further explain that their production of 1300 pages of documents was a timely response to a third set of discovery propounded by the Defendants in August of 2014. (R. Doc. 38 at 5). Plaintiffs state they produced responsive information without objection and that their response occurred after the discovery deadline was founded on the late timing of the discovery requests themselves. (R. Doc. 38 at 5).

4

## II. LAW AND ANALYSIS

Rule 16(b)(4) of the Federal Rules of Civil Procedure allows for the modification of a scheduling order deadline upon a showing of good cause and with the judge's consent. The Fifth Circuit has explained that a party is required "to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension." *Marathon Fin. Ins. Inc., RRG v. Ford Motor Co.*, 591 F.3d 458, 470 (5th Cir. 2009) (quoting *S&W Enters., LLC v. Southtrust Bank of Ala., NA*, 315 F.3d 533, 535 (5th Cir. 2003)).

Based on the record and the representations of the parties, the Court finds good cause pursuant to Rule 16(b)(4) to reopen discovery for the limited purpose of inquiry into the automobile accident that occurred on January 2, 2012. Defendants did not become aware that a prior automobile accident involving Ms. Grimes and alleged neck and head injuries took place on January 2, 2012 until after they reviewed a production of 1300 pages of documents on September 10, 2014. Defendants filed their motion on December 30, 2014. While it is unclear why the Defendants needed nearly four months to review those documents (and over a month to review the report submitted by their private investigator) to determine that the January 2, 2012 was potentially relevant with regard to damages, the fact remains that Ms. Grimes should have provided this information in her discovery responses over one year ago. Ms. Grimes' failure to properly inform the Defendants of this prior automobile accident, even if inadvertent, is the sole reason Defendants did not have the opportunity to depose Ms. Grimes or Dr. Scrantz on the prior accident. Plaintiffs do not argue that they will be prejudiced if additional limited discovery is allowed regarding the January 2, 2012 accident. As discussed above, although Defendants could have brought this issue to the attention of the Court sooner, it is clear that they did not become aware of the January 2, 2012 accident until after the close of discovery.

Defendants have not shown good cause, however, to obtain additional discovery that concerns any of Ms. Grimes' other previous automobile accidents. Defendants had the opportunity to seek discovery related to these previous accidents prior to the close of discovery. Defendants have not provided any compelling reason for reopening discovery regarding these previous accidents to the extent those previous accidents have no bearing on the January 2, 2012 accident.[2]

Defendants also have not shown good cause for reopening discovery for the purpose of issuing a third-party subpoena to Avis regarding the property damage in the May 20, 2012 accident in this case. Defendants had an opportunity to timely subpoena Avis in this action prior to the close of discovery.[3] Having failed to do so, Defendants may not conduct such discovery under the auspices of having learned of another accident in which Ms. Grimes was involved.

## III. CONCLUSION

Based on the foregoing,

**IT IS ORDERD** that Defendants' Motion to Reopen Discovery is **GRANTED IN PART** and **DENIED IN PART**.

**IT IS FURTHER ORDERD** that the Defendants may conduct additional limited discovery relating only to the January 2, 2012 automobile accident involving Shanitra Grimes.

---

[2] Defendants complain that Ms. Grimes "did not provide the information to identify the caption, court or docket number" as requested by the interrogatory and did not "produce copies of the pleadings as requested in the Request for Production." (R. Doc. 33-1 at 4). Ms. Grimes interrogatory response provided on October 29, 2013 states that she had filed a lawsuit against "George Ellis and USAA Casualty Insurance Company" for the January 10, 2010 accident and a lawsuit against "Robert Cotton and Allstate Insurance Company" for the August 29, 2010 accident. (R. Doc. 33-5 at 11). Defendants did not seek timely relief from the Court regarding the specific information and pleadings regarding these lawsuits. Accordingly, that Defendants received this information after the discovery deadline has no bearing on the lack of diligence on the part of the Defendants in obtaining this information.

[3] On August 18, 2014, just eleven days prior to the close of discovery, Defendants served a subpoena on Avis for a deposition to take place on September 8, 2014, ten days after the close of discovery. (R. Doc. 31).

Defendants may issue third-party subpoenas seeking information relevant to that accident only. Defendants may also conduct additional depositions, including but not limited to depositions of Ms. Grimes, Dr. Scrantz, or both, yet those depositions are limited to inquiry concerning the January 2, 2012 automobile accident. This limited additional discovery must be completed, and any motions concerning this limited additional discovery filed, no later than March 31, 2015. No additional discovery shall be allowed.

Signed in Baton Rouge, Louisiana, on February 2, 2015.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**