UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| SHANITRA GRIMES AND<br>LILLIE GRIMES<br><br>VERSUS<br><br>KATHERINE HAAR, EAN HOLDINGS, LLC,<br>INDIVIDUALLY AND D/B/A ALAMO RENT-A-CAR, and<br>ACE AMERICAN INSURANCE COMPANY | CIVIL ACTION<br><br><br>NO. 13-617-SDD-RLB |

## RULING

On April 21, 2015, the Court, *sua sponte*, ordered the Parties to brief its subject matter jurisdiction. In response, Plaintiff, Lillie Grimes, and Defendants, Katherine Harr and ACE American Insurance Company, filed a *Joint Motion to Remand*.[1] For the following reasons, the *motion* shall be denied.

Federal courts are courts of limited jurisdiction and may only entertain suits when jurisdiction is authorized by the Constitution or by statute.[2] The jurisdictional facts that support removal are examined as of the time of removal.[3] Nevertheless, the case must be remanded to state court "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction."[4] However, the parties may not consent to or waive subject matter jurisdiction.[5]

Federal courts have original jurisdiction over cases between citizens of different states "where the matter in controversy exceeds the sum or value of $75,000, exclusive

---

[1] Rec. Doc. 63. The Defendants also filed a brief in response to the Court's *Order*. Rec. Doc. 60.
[2] *Exxon Mobil Corp. v. Allapattah Services, Inc.*, 545 U.S. 546, at 553 (2005).
[3] *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000).
[4] 28 U.S.C. § 1447(c).
[5] *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 919 (5th Cir. 2001).

1

of interest and costs."[6] In Louisiana, plaintiffs are generally prohibited by state law from specifying the amount of damages sought, although they are permitted to allege that the amount claimed meets or does not meet a threshold necessary for jurisdiction or jury trial.[7] The Fifth Circuit has provided "a clear analytical framework for evaluating jurisdiction for cases filed in Louisiana state courts, with no monetary amount of damages asserted, when they are removed to federal court on the basis of diversity."[8] In this situation, the removing defendant must demonstrate by a preponderance of the evidence that the amount in controversy exceeds $75,000.[9] When it is not facially apparent from the face of the *Petition* that the claims are likely above $75,000, then the Court may rely upon "'summary judgment-type' evidence relevant to the amount in controversy at the time of removal to make the determination."[10]

At the time of removal, there were two Plaintiffs[11] in this suit asserting claims against the Defendants arising out of an automobile accident seeking to recover past, present, and future (1) physical pain and suffering, (2) mental pain, anguish, and distress, (3) medical expenses, (4) loss of enjoyment of life, and (5) any and all other

---

[6] 28 U.S.C. § 1332.
[7] La. Code Civ. Proc. Art. 893, provides: "No specific monetary amount of damages shall be included in the allegations or prayer for relief of any original, amended, or incidental demand. The prayer for relief shall be for such damages as are reasonable in the premises except that if a specific amount of damages is necessary to establish the jurisdiction of the court, the right to a jury trial, the lack of jurisdiction of federal courts due to insufficiency of damages, or for other purposes, a general allegation that the claim exceeds or is less than the requisite amount is required." (West 2015).
[8] *Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848, 850 (5th Cir. 1999) (citing *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295 (5th Cir. 1999)).
[9] *Id.*
[10] *McGlynn v. Huston,* 693 F.Supp.2d 585, 593 (M.D.La. 2010)(citing *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999)).
[11] On March 17, 2015, a *Notice of Settlement* was filed into the record reflecting that the claims between Shanitra Grimes and the Defendants had been settled. Rec. Doc. 55. Less than one month later, the remaining Plaintiff, Lillie Grimes, filed a *Stipulation* that the amount in controversy as to her claims did not exceed $75,000.00 Rec. Doc. 58.

damages to be proven at trial.[12] Hence, the Defendants had to show that "at least one of plaintiff's claims, standing alone, satisf[ied] the jurisdictional threshold; they [could not] aggregate the value of the multiple plaintiffs' claims."[13] Prior to removal, both Plaintiffs expressly denied that the amount of controversy was less than the jurisdictional threshold amount of $75,000, exclusive of interest and costs.[14] Plaintiffs did not countervail the removal or move to remand. Now, less than 6 weeks prior to the scheduled trial date in this matter, the remaining Plaintiff in this case, Lillie Grimes, is singing a different tune regarding the amount in controversy.[15] According to Lillie Grimes, her claims against the remaining Defendants[16] do not exceed $75,000, exclusive of interest and costs.[17] Based upon this recent *Stipulation*, the Parties filed a *Joint Motion to Remand*.[18]

The fundamental issue presented is whether, at the time of removal, there was a preponderance of evidence from which the Court could conclude that the amount in controversy would more likely than not exceed $75,000.00. The Court finds there was.

The *Petition* does not state, as permitted by Louisiana Code of Civil Procedure article 893(A)(1), that the damages sought are less than the requisite amount to establish jurisdiction in federal court.[19] The absence of such a statement, although not alone determinative, "may be considered in determining whether the amount in

---

[12] Rec. Doc. 1-3, pp. 4-5, ¶¶14 and 16.
[13] *Bryant v. Rosser*, 2014 WL 379147, at *3 (E.D.La. Feb. 3, 2014)(citing *Snyder v. Harris*, 394 U.S. 332, 335 (1969)).
[14] Rec. Doc. 1-2, p. 1.
[15] Rec. Doc. 58.
[16] The Court granted Plaintiffs Partial Voluntary Motion to Dismiss Defendant EAN Holdings, LLC, with prejudice on January 16, 2015. Therefore, Katherine Haar and ACE American Insurance Co. are the only remaining Defendants in this case. Rec. Doc. 39.
[17] Rec. Doc. 58. Lillie Grimes and her counsel of record both signed said *Stipulation*.
[18] Rec. Doc. 63.
[19] Note 7, *supra*; See, Rec. Doc. 1, p. 2, ¶V.

controversy is satisfied."[20]  Because the amount in controversy is not facially apparent, the Court may consider summary judgment-type evidence to determine whether the ambiguity regarding the jurisdictional amount at the time of removal has been clarified. The Defendants supported their removal petition with Plaintiffs' *Answers to Request for Admission* in which they "Denied" that "amount controversy as to each plaintiff did not exceed $75,000".[21]  In this case, these discovery responses are helpful in clarifying the amount in controversy *at the time of removal.*[22]  The Court now turns its attention to Lillie Grimes' *Stipulation*.

Generally, "a unilateral, post-removal stipulation does not deprive the removal court of jurisdiction."[23]  Nevertheless, in *Asociacion Nacional de Pescadores (ANPAC) v. Dow Quimica de Colombia S.A.*, the Fifth Circuit endorsed a narrow situation in which a unilateral post-removal stipulation can clarify that the amount in controversy is not satisfied where the following three elements have been met:  "(1) the complaint did not specify an amount of damages, and it was not otherwise facially apparent that the damages sought or incurred were likely above $[75],000; (2) the defendants offered only a conclusory statement in their notice of removal that was not based on direct knowledge about the plaintiffs' claims; and (3) the plaintiffs timely contested removal with a sworn, unrebutted affidavit indicating that the requisite amount in controversy was not present."[24]

---

[20] *Johnson v. Macy's Dep't. Store*, No. 14-226, 2014 WL 5822788, at *4 (M.D. La. Nov. 10, 2014) (citing *Weber v. Stevenson,* No. 07-595, 2007 WL 4441261, at *4 (M.D. La. Dec. 14, 2007).
[21] Rec. Doc. 1-2, p. 1. In Defendants' *Petition for Removal*, they alleged that Plaintiffs' denial of the Request for Admission N. 2 established the necessary amount for the creation of federal diversity jurisdiction, 28 U.S.C. § 1332. Rec. Doc. 1, p. 3, ¶VI.
[22] *See Nelson v. Nationwide Mut. Ins. Co.,*192 F.Supp.2d 617, 619-20 (E.D.La. 2001).
[23] *Marcel v. Pool Company*, 5 F.3d 81, 85 (5th Cir. 1993).
[24] *Marcel v. Pool Company*, 5 F.3d 81, 85 (5th Cir. 1993) (quoting *Asociacion Nacional de Pescadores (ANPAC) v. Dow Quimica de Colombia S.A.*, 988 F.2d 559, 565 (5th Cir. 1993); *see also McGlynn v.*

The Court finds that, while the first two grounds announced in the *ANPAC* decision have been satisfied, it is the third factor that cannot be overcome. Lillie Grimes' unilateral stipulation was not timely made and clearly does not go to facts at the time of removal. In *ANPAC*, the relevant affidavit was filed into the record with the plaintiffs' motion to remand just one month after removal.[25] Here, Plaintiff has waited approximately 19 months--after the dispositive motion filing deadline had passed and her co-defendant had settled--to stipulate that her claims do "not exceed the sum of $75,000 exclusive of interest and cost." She further stipulates that "she will not attempt to collect any judgment that might be rendered in excess of $75,000, exclusive of interest and costs" against the Defendants and that this Court "*no longer* has subject matter jurisdiction."[26] By her own attestation, Lillie Grimes appears to acknowledge that, at one time, this Court did, in fact, have subject matter jurisdiction over her case, as reflected in her pre-removal discovery responses. The Court further observes that, while Lillie Grimes offers no express reasoning for her change in heart regarding the amount of her claims, the record does reflect that her co-plaintiff has settled leaving only her claims to be tried. It is well-established that a post-removal filing seeking to reduce the amount in controversy below the statutory minimum based on subsequent events, such as a co-plaintiff's settlement, does not destroy the Court's subject matter jurisdiction.[27]

---

*Huston*, 693 F. Supp. 2d 585, 596 (M.D. La. 2010) (considering post-removal affidavit regarding the amount in controversy where defendant "failed to carry his burden of proof upon removal and the amount in controversy remains ambiguous"); *Royal Cosmopolitan, LLC v. Star Real Estate Group, LLC*, 629 F. Supp. 2d 594, 597 (E.D. La. 2008) ("When the amount in controversy is ambiguous, as it is here, the nonremoving party may submit [a post-removal] affidavit to clarify the amount of damages sought.").
[25] *ANPAC*, 988 F. 2d at 562.
[26] Rec. Doc. 58.
[27] S*ee, e.g., St. Paul Mercury Indemnity Co. v. Red Cab Co.,* 303 U.S. 2 292-93 ("[A] plaintiff may not defeat removal by subsequently *changing* his damage request, because post-removal events cannot

Based on the factual allegations of multiple injuries and damages in the *Petition*, the Plaintiff's failure to plead that her damages did not exceed the jurisdictional amount as permitted by Louisiana procedure[28] and the fact that the Plaintiff expressly "Denied" in discovery that the amount in controversy was less than the jurisdictional threshold amount of $75,000, exclusive of interest and costs,[29] the Court finds that, at the time of removal, the jurisdictionally required amount was established by a preponderance. The Court further finds that Plaintiff's eve of trial *Stipulation* cannot *deprive* this Court of subject matter jurisdiction.

Accordingly, the Court DENIES the *Joint Motion to Remand*.[30]

Signed in Baton Rouge, Louisiana, on May 12, 2015.

*/s/ Shelly D. Dick*
**JUDGE SHELLY D. DICK**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

---

deprive a court of jurisdiction once it has attached."); *ANPAC*, 988 F.2d at 565 ("[A] plaintiff may not defeat removal by subsequently *changing* his damage request, because post-removal events cannot deprive a court of jurisdiction once it has attached."); *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000) ("[O]nce the district court's jurisdiction is established, subsequent events that reduce the amount in controversy to less than $75,000 generally do not divest the court of diversity jurisdiction.").
[28] Note 7, *supra.*
[29] Rec. Doc. 1-2, p. 1.
[30] Rec. Doc. 63.